UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JOSEPH KELLY, III,

    Plaintiff,

v.                                                        Case No. 1:23-cv-24
                                                          Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his application for disability insurance benefits (DIB).

On November 2, 2020, plaintiff filed an application for DIB alleging a disability onset date of September 1, 2019. PageID.27. Plaintiff identified his disabling conditions as "70% disability rating VA PTSD," depression, and memory loss. PageID.173. Prior to applying for benefits, plaintiff completed the 12th grade and had past relevant work as an auto mechanic. PageID.32, 174. An administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on December 30, 2021. PageID.27-33. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I.     LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful employment since the alleged onset date of September 1, 2019 and meets the insured status requirements of the Social Security Act through March 31, 2025. PageID.29.[1] At the second step, the ALJ found that plaintiff had severe impairments of depression, anxiety, and post-traumatic stress disorder (PTSD). *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.29.

The ALJ decided at the fourth step that, "Claimant has the residual functional capacity to perform simple, routine, repetitive work." PageID.30. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.32.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at all exertional levels. PageID.32-33. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as a hand packager (225,000 jobs), a stock clerk (220,000 jobs), and a housekeeper (350,000 jobs). PageID.33. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from September 1, 2019 (the alleged onset date) through December 30, 2021 (the date of the decision). PageID.33.

## III. DISCUSSION

Plaintiff raises two errors on appeal.

**A. The ALJ committed reversible error because he did not**

---

[1] In addressing substantial gainful employment (SGA), the ALJ found that "Claimant worked after the alleged disability onset date, but not at SGA." PageID.29.

4

**have substantial evidence to support his residual functional capacity (RFC) determination for plaintiff.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. *See* 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). In evaluating an individual's RFC, the ALJ considers impairments that are both "severe" and "not severe", *see* 20 C.F.R. § 404.1545, "based on all the relevant medical and other evidence in [the claimant's] case record," 20 C.F.R. § 404.1520(e).

As discussed, the ALJ found that plaintiff had the RFC to perform work at all exertional levels, with mental impairments which limit him "to perform simple, routine, repetitive work." PageID.30. Plaintiff contends that the ALJ erred because the RFC is not supported by substantial evidence. Plaintiff's contention is without merit.

The ALJ recognized that plaintiff had problems with memory and concentration (PageID.31-32) and limited him to simple, routine, repetitive work. "The terms 'simple, routine, repetitive work' are in essence shorthand for the types of duties involved in unskilled work" which "needs little or no judgment to do simple duties that can be learned on the job in a short period of time." *Frary v. Commissioner of Social Security*, No. 1:18-cv-1106, 2020 WL 1329330 at *5 (W.D. Mich. March 23, 2020), quoting 20 C.F.R. § 404.1568(a). *See Weekly v. Commissioner of Social Security Administration*, No. 1:13-CV-2108, 2015 WL 45529 at *6 (N.D. Ohio Jan. 2, 2015) ("Generally, a limitation to unskilled work accommodates moderate functional limitations

5

in concentration, persistence, and pace.") (citing *Taylor v. Commissioner of Social Security*, No. 1:11-cv-46, 2012 WL 1029299 at *9 (W.D. Mich. March 26, 2012).

Plaintiff contends that the ALJ erred by stating that "[c]laimant testified he could do janitorial work" PageID.31; Plaintiff's Brief at PageID.628-629. Plaintiff does not develop this argument. The ALJ's statement is supported by the record. *See* Hearing Trans. (PageID.52-55). Plaintiff stated that in the past five years he had done janitorial services. PageID.53. When the ALJ asked, "If I gave you a broom and a mop and asked you to sweep the floor, could you do it?", plaintiff responded, "I could do that, sir, yes, sir, I could." PageID.53. When asked, "Could you do it 40 hours a week?", plaintiff responded "I don't believe I could." PageID.53. Plaintiff attributed his inability to work a full 40 hour week to chronic fatigue due to mononucleosis which he had ten years before the hearing, *i.e.*, around December 2011. PageID.53-54. In this regard, plaintiff's earnings record indicates that he was employed from 2011 through his alleged onset date of September 1, 2019. PageID.153-154, 156-157, 159.

Plaintiff also contends that the ALJ incorrectly construed his application for unemployment benefits, stating that "[plaintiff] said he affirmed for unemployment benefits that he could work." PageID.31; Plaintiff's Brief at PageID.628-629. The ALJ may consider statements made in a claimant's application for unemployment benefits. As the Sixth Circuit stated in *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794 (6th Cir. 2004):

> Applications for unemployment and disability benefits are inherently inconsistent. There is no reasonable explanation for how a person can claim disability benefits under the guise of being unable to work, and yet file an application for unemployment benefits claiming that he is ready and willing to work.

*Workman*, 105 Fed. Appx. at 801-02 (internal citations, brackets and quotation marks omitted).[2]

---

[2] In a "supplement" to his reply brief (ECF No. 12), plaintiff filed a copy of an August 9, 2010 memorandum from the Chief ALJ to "All Administrative Law Judges" entitled "Receipt of Unemployment Insurance Benefits by Claimant Applying for Disability Benefits – REMINDER" which stated in part:

6

In addition, plaintiff contends that the ALJ "said that Plaintiff drives without any acknowledgement of the testimony that he often drove through red lights." Plaintiff's Brief at PageID.629.  At step three, while reviewing the paragraph B criteria to determine whether plaintiff met the requirements for a listed mental impairment, the ALJ found,

> With regard to concentrating, persisting or maintaining pace, claimant has a moderate limitation. He alleges trouble concentrating and completing tasks, but he drives, shops, reads, and manages finances (6E). The record shows claimant is oriented and organized (4F).

PageID.30 (emphasis omitted).  In his function report, plaintiff stated that he goes out almost daily, that he drives a car when he goes out, that he can drive a car alone, that he does not like to "drive far," and that sometimes he brings his wife to and from work.  PageID.207, 209.  At the hearing, plaintiff provided ambiguous testimony regarding his ability to concentrate while driving.  Plaintiff testified that "I'm not always very alert", "I'm not sure I should be driving a car still", and that "there's times I just go through red lights."  PageID.61-62.  When asked why he goes through red

---

> This is a reminder of the policy concerning receipt of unemployment insurance benefits. Receipt of unemployment benefits does not preclude the receipt of Social Security disability benefits.  The receipt of unemployment benefits is only one of many factors that must be considered in determining whether the claimant is disabled.  *See* 20 CFR 404.1512(b) and 416.912(b). . . .
>
> [I]t is often uncertain whether we will find a person who applies for unemployment benefits ultimately to be disabled under our rules, and our decisionmaking process can be quite lengthy.  Therefore, it is SSA's position that individuals need not choose between applying for unemployment insurance and Social Security disability benefits.
>
> However, application for unemployment benefits is evidence that the ALJ must consider together with all of the medical and other evidence.  Often, the underlying circumstances will be of greater relevance than the mere application for and receipt of the benefits.  For instance, the fact that a person has, during his or her alleged period of disability, sought employment at jobs with physical demands in excess of the person's alleged limitations would be a relevant factor that an ALJ should take into account, particularly if the ALJ inquired about an explanation for this apparent inconsistency.
>
> Accordingly, ALJs should look at the totality of the circumstances in determining the significance of the application for unemployment benefits and related efforts to obtain employment.

While this memorandum provides guidance to the ALJs on addressing the financial challenges faced by individuals filing a disability claim, it is not a statute or regulation which this Court considers in evaluating plaintiff's claim.

7

lights, plaintiff responded, "Just not paying attention, sir." PageID.62. Nevertheless, plaintiff testified that he has a driver's license with no restrictions. PageID.61. Given this record, substantial evidence supports the ALJ's statement at step three that plaintiff "drives". For all of these reasons, plaintiff's claim of error is denied.

### B. The ALJ did not properly consider plaintiff's VA disability rating.

The current regulations for claims filed on or after March 27, 2017, differs from prior regulations with respect to evaluating medical evidence.

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers—make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. <u>Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim</u> in accordance with § 404.1513(a)(1) through (4).

20 C.F.R. § 404.1504 ("Decisions by other governmental agencies and nongovernmental entities") (emphasis added).

The agency also addressed decisions made by other governmental agencies, such as the Department of Veterans Affairs (VA) in 20 C.F.R. 404.1520b ("How we consider evidence"):

> (c) Evidence that is inherently neither valuable nor persuasive. Paragraphs (c)(1) through (c)(3) apply in claims filed (see § 404.614) on or after March 27, 2017. Because the evidence listed in paragraphs (c)(1) through (c)(3) of this section is inherently neither valuable nor persuasive to the issue of whether you are disabled

8

or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c:

> (1) Decisions by other governmental agencies and nongovernmental entities. See § 404.1504.

20 C.F.R. § 404.1520b(c)(1).

Here, the ALJ stated that he "did not analyze (i) any disability decisions by non-governmental entities or other governmental agencies . . . because that evidence is not inherently valuable or persuasive, but I did consider all available evidence underpinning those determinations and statements (20 CFR 404.1520b(c))." PageID.31. The ALJ's procedure with respect to the VA's disability decision is consistent with the regulations. Accordingly, plaintiff's claim of error is denied.

## IV. CONCLUSION

For these reasons, the Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated:  March 25, 2024                            /s/ Ray Kent
                                                  RAY KENT
                                                  United States Magistrate Judge